HIGHWAY TRAILER COMPANY, INCORPORATED, A BODY CORPORATE, PLAINTIFF-APPELLANT, v. LONG BRANCH AUTO COMPANY, LIKEWISE A BODY CORPORATE, DEFENDANT-RESPONDENT.

Submitted October 26, 1934—Decided January 10, 1935.

For the appellant, *Max Finegold.*

For the respondent, *William L. Edwards.*

The opinion of the court was delivered by

HEHER, J. In this action to recover the price of a highway trailer claimed to have been sold and delivered by plaintiff to defendant, the jury returned a verdict for defendant, and the former appeals from the judgment rendered thereon.

The single question presented is the propriety of the instruction that there was "no evidence of a delivery [of the trailer] at Long Branch." The defense interposed was that plaintiff was obliged, by the contract, to deliver the trailer at the city of Long Branch within two weeks after the making of the contract, but did not perform that undertaking. Plaintiff maintained that its obligation was to make delivery at its plant in Long Island City, in the State of New York, but that, assuming the claim of defendant in that regard to be well founded, there was evidence tending to establish delivery, or a tender thereof, at the city of Long Branch, and that, consequently, the instruction in question was erroneous.

We find this criticism of the charge to be unfounded. The evidence relied on by plaintiff was palpably incompetent, and of no probative value. It came from one Chadwick, plaintiff's district manager stationed at its Long Island plant. He testified, on cross-examination, that, "to my knowledge," the trailer was "taken" to Long Branch by a "driver." At this point, the trial judge intervened to inquire as to the source of his knowledge, and the reply was that "my knowledge is that when a driver is nearly to my branch he notifies me that he has a trailer and then I know where he is going to go right at that particular time." He then admitted that he did not "know that he [the driver referred to] went to Long Branch." Plaintiff, while characterizing the evidence thus given as essentially "hearsay," and ordinarily incompetent, urges that, inasmuch as it was elicited by defendant on cross-examination, and was not formally struck out it

was competent, and only the jury could determine its "weight."

But it is evident that such evidence has no probative worth or value in the determination of the issue of compliance with the contract provision for delivery. It was not even hearsay—it was a mere assumption by the witness, based upon what he asserted to be the practice that obtained "when a driver * * * notifies me that he has a trailer." There was no offer of such evidence by defendant, in defiance of the rules of evidence, to sustain its defense. The claim of delivery at Long Branch thus made was categorically denied by all of defendant's witnesses who would have knowledge of such delivery, if made. Defendant's counsel, apparently, was seeking a corroborative admission from plaintiff's district manager. His question was not calculated to elicit incompetent evidence. It called for an answer based upon the witness' knowledge only. And the witness asserted he had knowledge of the fact. The examination by the trial judge disclosed an entire absence of testimonial knowledge. This neutralized and wholly nullified the evidence in question, and it was manifestly so regarded by the parties. A motion to strike out, in such a situation, was not requisite. The evidence thus disclosed to be incompetent was rendered wholly ineffective, and the formal striking of it would serve no useful purpose. There was, in these circumstances, no waiver by defendant of its right to insist upon proof of plaintiff's cause of action by competent evidence. The evidence in question was demonstrated to be intrinsically worthless. It had no probative force or value. Its illegal introduction by plaintiff's witness, on cross-examination, did not give it a quality or virtue that it lacked before.

Judgment affirmed.

*For affirmance*—The Chancellor, Chief Justice, Parker, Lloyd, Case, Bodine, Donges, Heher, Perskie, Van Buskirk, Kays, Hetfield, Dear, Wells, JJ. 14.

*For reversal*—None.